IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NATIONWIDE JUDGMENT
RECOVERY, INC.,**

    **Plaintiff,**

**v.**                                             **Case No. 4:20-MC-07-MW-MAF**

**TERRALYNN HOY,**

    **Defendant,**

**v.**

**BANK OF AMERICA, N.A.,
CITIBANK, N.A.,
WELLS FARGO BANK, N.A.,
TRUIST BANK,
JP MORGAN CHASE BANK, N.A.,
TD AMERITRADE, INC.,**

    **Garnishees.**
_____/

## REPORT AND RECOMMENDATION

    In August of 2020, a registration of a foreign judgment was filed, ECF No. 1, and motions for writs of garnishment were filed in September 2022. Answers to the writs were filed, *see* ECF Nos. 25-26, 33, and 36, but on November 21, 2022, a suggestion of bankruptcy was filed by Defendant

Terralynn Hoy, ECF No. 40.  Pursuant to 11 U.S.C. § 362(a), this case was automatically stayed.  ECF No. 32.  Defendant Terralyn Hoy was required to file a status update as to the bankruptcy proceeding every 60 days.  *Id.*

Reports were timely filed in February 2023, ECF No. 45, and April 2023, ECF No. 47.  On June 2, 2023, Defendant filed a third status report, ECF No. 49, which advised that the Defendant received a Chapter 7 discharge on April 21, 2023.  According to the Defendant, the Order of the Bankruptcy Court discharged her debt to the Plaintiff.  *Id.*  Defendant suggested that this case was "due to be dismissed."  *Id.*

In light of that status report, Plaintiff was given until **June 21, 2023**, to file a response or, in the alternative, to file a notice of voluntary dismissal if deemed appropriate.  ECF No. 50.  As of this date, Plaintiff has not filed a response.  It would appear that Plaintiff either acknowledges the debt has been discharged, or has abandoned this litigation.  Either way, this case should be dismissed for failure to prosecute and the writs dissolved.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

Case No. 4:20-MC-07-MW-MAF

Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was given the opportunity to dispute that the debt was discharged in bankruptcy but did not respond.  Therefore, it is recommended that this case be dismissed and the writs be dissolved.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and respond to a Court Order, and the writs of garnishment be dissolved.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**